IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD NATHANIEL CHRISTIAN　　:
#40916-037　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　Plaintiff　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　　　　 : CIVIL ACTION NO. CCB-07-229
　　　　　　　　　　　　　　　　　　　　　　: RELATED CRIM. ACTION NO. CCB-03-351
UNITED STATES OF AMERICA　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　Defendant　　　　　　　　　　　　　 :

..oOo..

**MEMORANDUM**

Pending is a pro se Motion for Return of Property[1] filed by Bernard Nathaniel Christian, an inmate at the Federal Correctional Institution- Elkton, in which he requests the return of $5,743.00 in United States currency, a 2002 Cadillac Escalade, and a 2002 Ford Mustang GT.  Plaintiff alleges that the property was improperly forfeited.  The government has filed a response in opposition to which Christian has replied.  For the reasons that follow, the court will deny the motion by separate order.

**I. Facts**

Christian was convicted by a jury of conspiring to possess and distribute more than five kilograms of cocaine, and sentenced to 188 months incarceration on February 7, 2005. *See United*

---

[1] Rule 41(g) of the Federal Rules of Criminal Procedure provides:

　Motion to Return Property**.**
　A person aggrieved by an unlawful search and seizure of property or by
　the deprivation of property may move for the property's return. The
　motion must be filed in the district where the property was seized. The
　court must receive evidence on any factual issue necessary to decide the
　motion. If it grants the motion, the court must return the property to the
　movant, but may impose reasonable conditions to protect access to the
　property and its use in later proceedings.

*States v. Christian et al.*, Criminal Action No. CCB-03-351 (D. Md). A forfeiture verdict of $6,000,000 covering the proceeds of the illegal activities as well as substitute assets was entered against Christian and his co-defendants. Christian subsequently noted an appeal.

The court approved a preliminary order of forfeiture directing the seizure of certain property on March 1, 2005. Through appellate counsel, Christian filed a motion to stay forfeiture. The court denied the motion to stay forfeiture on May 27, 2005, and a final order of forfeiture was entered on June 8, 2005. The United States Court of Appeals for the Fourth Circuit recently affirmed Christian's conviction and sentence on appeal. *See United States v. Mitchell, et al.*, 2007 WL 840347 (4th Cir. March 19, 2007) (unpublished).

On January 24, 2007, Christian filed the instant motion to return property claiming that:1) he was not provided an opportunity to challenge whether the property was the product of illegal activity; 2) there was a loan on one of the forfeited vehicles; and 3) there was no forfeiture hearing.

**II. Discussion**

Christian was convicted of charges contained in the Second Superseding Indictment. No additional hearing was required under 21 U.S.C. § 853 because the forfeiture was adjudicated by the jury and the property was forfeited pursuant to judicial order. The items Christian wants returned were specifically condemned and title was passed to the United States.

Under these facts, Christian is not an aggrieved party for the purpose of Rule 41(g) as he was a charged defendant and later adjudged guilty. There was no improper search or seizure. Accordingly, the court will deny the motion by separate order.

| | |
|---|---|
| May 29, 2007 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |